**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| ARIES SECURITY LLC, a Delaware corporation, | |
|     Plaintiff, | |
| V. | CASE NO.: 5:22-cv-219 |
| JOSEPH MLODZIANOWSKI, an individual | |
|     Defendant. | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff ARIES SECURITY LLC ("Plaintiff" and/or "Aries"), by its attorneys, alleges, with personal knowledge as to its own actions, and upon information and belief as to those of others, as follows:

**NATURE OF ACTION**

1.     Aries brings this action against Defendant Joseph Mlodzianowski ("Defendant"), who deliberately attempted to usurp Aries' business opportunities and siphon off Aries' employees, contractors, and volunteers. In executing this scheme, Defendant, a minority owner of Aries, breached his fiduciary duties of loyalty and good faith to Aries and intentionally interfered with Aries' economic advantage. Moreover, in order to directly compete against Aries, Defendant intentionally and maliciously misappropriated Aries' assets, including trade secrets, thereby unlawfully benefitting from Aries' time and the expense Aries incurred in developing this information and Aries' processes.

**PARTIES**

2.     Aries, a limited liability company, was formed under the laws of the State of Delaware with its principal place of business in El Dorado Hills in the County of El Dorado in the

State of California. Brian Markus ("Markus") and Defendant are the sole members and co-owners of Aries.

3.      Defendant is an individual who, at all relevant times, was a resident of the State of Texas. During all relevant times, Defendant has been a member and co-owner of Aries. Markus and Defendant are the sole members and co-owners of Aries. Markus is the majority owner and Defendant is the minority owner. Defendant can be served at 1012 Steubing Oaks, San Antonio, TX 78258.

## JURISDICTION AND VENUE

4.      Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides within this district.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under federal law, namely 18 U.S.C. § 1836, the Defend Trade Secrets Act ("DTSA"). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

6.      Venue is proper because the harm suffered by Defendant's conduct occurred in this district.

## FACTUAL ALLEGATIONS

7.      Aries provides cyber security training, education, and event planning to customers, including a premiere cyber training range and a skill assessment suite. Since its inception in 2008, Aries has established a well-known reputation for providing quality and sophisticated cyber security products and services to a range of customers and businesses including the Department of Defense and prominent government contractors. In addition, Aries assists businesses to test and assess its cyber security safeguards by simulating cyberattacks on its cyber security infrastructure

and also provides intensive training and guidance to cyber security professionals to teach the latest, best practices in information security. As part of its event planning expertise, Aries has a reputation of featuring prominent speakers to discuss cutting edge advancements in information security, which are featured at DEF CON, the premiere annual cyber security convention.

8.      On or about July 23, 2008, Markus, Defendant, and James Simmons ("Simmons") formed Aries. These individuals entered into an operating agreement soon after Aries was formed, but that agreement was lost. Simmons no longer has an interest in Aries and is not a party to this suit.

9.      The cyber security market is a close-knit community. As such, Aries expended significant time and capital to establish relationships with customers, potential customers, volunteers, and contractors. Aries' business relationships, including lists of customers, potential customers, volunteers, and contractors, are proprietary and vital to Aries' success in the cyber security field. Contractors and volunteers that work with Aries assist with operating and marketing its services and products, and thus, they are essential to Aries' success. All of this information is maintained as confidential information within Aries.

10.      DEF CON, a computer security convention in Las Vegas, Nevada, is the paramount convention that Aries attends in order to generate business and market its products and services. Some of Aries' biggest customers and potential customers attend the event, including but not limited to, the Department of Defense and federal law enforcement agencies. In order to compete in this industry, Aries developed proprietary event planning processes to promote and market its cyber security products and services at DEF CON. Aries derives independent economic value from this proprietary information being kept secret and has taken reasonable steps to keep the

information confidential. For example, Aries requires employees, volunteers, and contractors to sign nondisclosure agreements and imposes other security measures on its systems.

11.     Markus has been and remains the principal of Aries and is solely responsible for managing the company. Defendant was responsible for providing technical expertise for Aries and planning and executing Aries' marketing event at DEF CON, which included the responsibility to secure volunteers, speakers, and sponsors for the event.

12.     Despite Markus' past efforts to have Defendant participate more in Aries, Defendant refused many opportunities, disappeared for weeks, even months, at a time, and made comments with respect to participating in the company such as, "why should I bother, it doesn't make me much money." Defendant put nearly all of the burden on Markus to operate Aries and make it a success despite Defendant's fiduciary duties as a member of the company.

13.     Defendant also intentionally failed to complete work he promised to complete for Aries. As a result of Defendant's failure, Aries had to repurchase hardware, scramble for resources, and have others finish work that Defendant had promised to complete.

14.     Instead of contributing to the company and its success, Defendant intentionally competed directly against Aries, targeting the very same customers by using Aries' proprietary list of customers, potential customers, contractors, and business connections and by using Aries' proprietary methods deployed at conventions.

15.     As only one example, at DEF CON's convention in Las Vegas from August 6 to August 14, 2019 ("August Convention"), Defendant improperly and without authorization used Aries' proprietary event planning and execution processes to run his own event at the August Convention, which occurred at the same time as, and in direct competition with, an Aries event. At this event, Defendant usurped a number of Aries' volunteers, internal group members, and other

resources. On information and belief, Defendant worked quietly for months to plan this event, intentionally trying to set up Aries for failure, divert customers, and cause internal chaos among Aries' employees, contractors, and volunteers. As another example, Aries bought and shipped two important pieces of hardware that Defendant committed to installing and configuring for Aries at the August Convention. Defendant never delivered the equipment, which put Aries' operation at risk, required a duplicate purchase of the equipment, and taxed Aries' already burdened resources. Defendant also intentionally failed to produce completed challenges for the August Convention knowing that such failure would cause havoc for Aries. Defendant's intentional actions were for his own personal gain and to the detriment of Aries.

16.     Defendant also used company funds to purchase plane tickets for the August Convention despite the fact that he was directly competing with Aries and conducted no business on behalf of Aries at the event.

17.     While serving as a member of Aries, Defendant used Aries' proprietary information and resources to create his own annual convention in Texas named the Texas Cyber Summit where he markets his own competing business in cyber security for his own benefit. Defendant promotes the Texas Cyber Summit as the largest cyber security convention in Texas. Defendant also organized and hosted OpenSOC at the convention and used Aries' proprietary information and processes at the event. Defendant has realized substantial profits from these endeavors by targeting Aries customers, potential customers, and usurping a significant business opportunity from Aries.

18.     On information and belief, Defendant's direct competition against Aries has resulted in Defendant's separate company generating hundreds of thousands of dollars in revenue that should have gone to Aries but was instead diverted to Defendant's separate company.

19.     Further, on information and belief, Defendant slandered Aries by spreading rumors that Aries' finances were concealed from Defendant and that money was stolen from Aries. These statements were patently false and misleading, causing a number of issues with long-term volunteers, current customers, potential customers, and sponsors.

20.     On information and belief, Defendant conspired with Eric Capuano to steal Aries' proprietary and copyrighted material, which included cyber security training software. The software stolen was later used to create "OpenSOC," software that directly competes against Aries' products and services.

21.     On information and belief, Defendant has actively solicited Aries' contractors and customers to compete directly against Aries. The contractors solicited include, but are not limited to, John Hammond and Aaron Soto. The customers solicited, include, but are not limited to, Splunk, Inc.

22.     On information and belief, on or about July 12, 2019, Defendant also intentionally and maliciously destroyed Aries' cyber security programming in order to disrupt Aries' business operations.

### FIRST CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

23.     Aries re-alleges each and every allegation contained in paragraphs 1 to 22 of this Complaint, inclusive, as though fully set forth herein.

24.     By reason of Defendant's position as a member of Aries, Defendant owed fiduciary duties of good faith and loyalty to Aries, which required Defendant to act in a fair, just, and honorable manner with respect to Aries. Defendant also had a duty to avoid self-dealing and avoid

any direct conflict of interest with Aries' business activities, which included a duty not to directly compete against Aries.

25.     Defendant intentionally and in bad faith breached these duties by committing the following acts, among others:

a       By actively competing against Aries and usurping business opportunities away from Aries, including soliciting customers for Defendant's own separate business;

b       By soliciting volunteers, contractors, and sponsors from Aries to work for Defendant's own separate business to compete against Aries;

c       By using Aries' resources, including but not limited to, volunteers and proprietary information, to compete against Aries;

d       By misappropriating Aries' proprietary, confidential, and copyrighted material to use in Defendant's own business to benefit himself and to the detriment of Aries;

e       By intentionally failing to complete tasks for the August Convention, including providing hardware and programming, knowing that such failure would cause havoc for Aries when its resources were overburdened;

f       By intentionally trying to set Aries up for failure, divert customers, and cause internal chaos among the Aries' employees, contractors, and volunteers;

g       By maliciously and intentionally spreading false rumors about Aries to hurt Aries' business relationship with customers, potential customers, contractors, employees, sponsors, and volunteers.

26.     As a direct and proximate result of Defendant's conduct, Aries sustained and will continue to sustain injury in an amount to be determined at trial.

27.     Defendant's breach of his fiduciary duties to Aries was willful and malicious, justifying the imposition of exemplary damages against Defendant in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

28.     Aries re-alleges each and every allegation contained in paragraphs 1 to 27 of this Complaint, inclusive, as though fully set forth herein.

29.     Defendant has intentionally interfered with Aries' prospective economic advantage by competing directly against Aries; misappropriating Aries proprietary and copyrighted material; and soliciting Aries employees, contractors, volunteers, and customers to benefit Defendant and to the detriment of Aries. This conduct is independently tortious because it violates Defendant's fiduciary and other duties to Aries or is otherwise unlawful.

30.     More specifically, on information and belief, Defendant conspired to and did misappropriate Aries' proprietary material in order to directly compete against Aries at DEF CON and with Aries event business via the Texas Cyber Summit and thereby steal Aries' customers for his benefit. Moreover, at DEF CON and at the Texas Cyber Summit, Defendant used Aries' proprietary event planning and execution processes to employ similar marketing strategies to siphon business away from Aries.

31.     On information and belief, Defendant also conspired to and did solicit Aries' employees, contractors, and volunteers to disrupt the Aries' business dealings and cause chaos in the company.

32.     On information and belief, Defendant conspired to and did communicate slanderous falsehoods to contractors, volunteers, customers, and potential customers in order to

smear the goodwill of Aries to the close-knit cyber security industry, which caused substantial damage to Aries' reputation and business prospects.

33.     As a direct and proximate result of Defendant's conduct, Aries sustained and will continue to sustain injury in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE DEFEND TRADE SECRETS ACT

34.     Aries re-alleges each and every allegation contained in paragraphs 1 to 33 of this Complaint, inclusive, as though fully set forth herein.

35.     Defendant violated 18 U.S.C. § 1836 by directly and/or indirectly misappropriating Aries' trade secrets.

36.     As alleged above, Aries has valuable trade secrets.

37.     Defendant has knowledge of these trade secrets and confidential information by virtue of being a member of Aries.

38.     Defendant disregarded his duties as a member of Aries and improperly obtained and disseminated Aries' trade secrets and confidential information, and intentionally misappropriated Aries' proprietary information and material in order to benefit himself and to the detriment of Aries.

39.     Aries has taken reasonable measures to keep this information confidential and secret.

40.     Aries' confidential, proprietary, and trade secret information relates to products and services sold, ordered, and used in, or intended to be sold, ordered, or used in, interstate or foreign commerce.

41.     Defendant misappropriated the trade secrets, and as an actual and proximate result, Aries has been and will be damaged and has suffered and will suffer irreparable harm. Defendant's misappropriation was willful and malicious.

42.     Aries is entitled to injunctive relief to prevent further irreparable harm, damages in the form of the unjust enrichment Defendant gained from misappropriating Aries' trade secrets, and the actual harm that Aries suffered, and exemplary damages and attorneys' fees under 18 U.S.C. § 1836(b)(3)(C)&(D).

### FOURTH CAUSE OF ACTION

### VIOLATION OF TEXAS UNIFORM TRADE SECRETS ACT ("TUTSA")

43.     Aries re-alleges each and every allegation contained in paragraphs 1 to 42 of this Complaint, inclusive, as though fully set forth herein.

44.     Defendant violated the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq*. by directly and/or indirectly misappropriating Aries' trade secrets.

45.     As alleged above, Aries derives independent economic value from the proprietary and confidential information not being known to the public and/or competitors and Aries took reasonable efforts to keep this information confidential including requiring employees and contractors to sign nondisclosure agreements and imposing other security measures on its systems.

46.     Defendant disregarded his duties as a member of Aries and improperly obtained and disseminated Aries' trade secrets and confidential information, and intentionally misappropriated Aries' proprietary information and material in order to benefit him and to the detriment of Aries. Defendant's misappropriation was willful and malicious.

47.     The conduct identified herein constitutes the misappropriation of Aries' trade secrets by improper means as such terms are defined by the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq.*

48.     As a result of Defendant's use of Aries' trade secrets, Defendant has benefitted, and Aries has been harmed.

49.     Aries is entitled to injunctive relief to prevent further irreparable harm, damages in the form of the unjust enrichment Defendant gained from misappropriating Aries' trade secrets, and the actual harm that Aries suffered, exemplary damages, and attorneys' fees.

## JURY DEMAND

50.     Aries hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Aries prays for judgment from this Court as follows:

a.     Compensatory damages at an amount to be proven at trial;

b.     An injunction requiring Defendant to return Aries' proprietary material in Defendant's possession or to destroy all copies in Defendant's possession;

c.     For attorneys' fees, allowed by law;

d.     For costs of suit;

e.     For punitive and exemplary damages;

f.     For prejudgment and post-judgment interest;

g.     For such other and further relief as the Court may deem proper.

Dated:  March 4, 2022                              Respectfully submitted,

                                                   */s/ Katherine P. Chiarello*
                                                   Katherine P. Chiarello
                                                   Texas State Bar No. 24006994
                                                   katherine@wittliffcutter.com

                                                   WITTLIFF CUTTER PLLC
                                                   1209 Nueces Street
                                                   Austin, Texas 78701
                                                   (T) 512-960-4524
                                                   (F) 512-960-4860

                                                   ATTORNEY FOR PLAINTIFF
                                                   ARIES SECURITY LLC