IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARIES SECURITY LLC, A DELAWARE CORPORATION, | § § § § § § § § § § § | |
| *Plaintiff,* | | SA-22-CV-00219-DAE |
| vs. | | |
| JOSEPH MLODZIANOWSKI, | | |
| *Defendant.* | | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff Aries Security LLC's Motion to Compel Production of Documents [#34], which was referred to the undersigned for disposition. On this day, the Court held a hearing on the motion, at which counsel for both parties were present via videoconference. At the close of the hearing, after hearing the arguments of counsel and reviewing the parties' written briefing [#35, #37, #39], the Court issued an oral ruling, which it now memorializes with this written Order.

This case arises out of a business dispute between a cybersecurity company, Plaintiff Aries Security LLC, and one of its founding members, Defendant Joseph Mlodzianowski. Plaintiff asks the Court to compel Defendant to produce certain financial documents requested in Plaintiff's Requests for Production and in subpoenas issued to third party companies owned by Defendant (Grayhat, Inc., Txciber, Inc., and Txciberdojo, Inc.). The subpoenas specifically requested the following four categories of documents: (1) profit and loss statements from January 1, 2018, to present; (2) balance statements from January 1, 2018, to present; (3) payments, salary, or distributions made to Defendant from January 1, 2018, to present; and (4) documents sufficient to show ownership of the company from January 1, 2018, to the present.

(Subpoenas [#34-1].)  The RFPs requested a broader category of financial documents for the three companies, such as general ledgers, accounting records, and financial statements, from the date of incorporation to the present.  (RFPs [#34-2].)

At the hearing, counsel for Defendant confirmed that Defendant has already produced profit and loss statements for 2021 and 2022 for the company Txciberdojo (the only one of the three companies still in operation).  Counsel for Defendant stated on the record that Txciberdojo was not in existence in 2018, 2019, or 2020, so additional profit and loss statements for this company do not exist.  Counsel for Defendant further explained that the documents that Plaintiff subpoenaed from Grayhat and Txciber do not currently exist due to the limited bookkeeping practices of the two companies.  However, accountants for Grayhat and Txciber are currently in the process of developing profit and loss statements and balance sheets for the Internal Revenue Service, as they are under audit.  Defendant has repeatedly asked for these documents from the accountants but has been unsuccessful in obtaining them.

As to documents reflecting payments, salaries, and distributions to Defendant from the three companies, counsel for Defendant stated on the record that there are none.  Defendant's counsel also confirmed that it has already produced documents sufficient to show ownership of the three companies from 2018 to the present.

Accordingly, the Court finds that Defendant has produced all documents responsive to the third-party subpoenas that currently exist.  However, the Court will order that Defendant produce the profit and loss statements and balance statements for 2018 to the date of dissolution as to Grayhat and Txciber (that are being developed by the accountants) within 30 days.  These documents are within the scope of relevant discovery under Rule 26(b)(1).  The Court will not order Defendant to produce the underlying broader financial records as requested in Plaintiff's

RFPs at this time. If, after presenting the accountants for Grayhat and Txciber with the Court's order, they still do not produce the profit and loss and balance statements within 30 days, the accountants will be required to produce the broader financial records for the companies to satisfy Defendant's discovery obligations. If even after Plaintiff receives the profit and loss statements and balance statements, Plaintiff continues to believe the additional documents requested in the RFPs should be produced, Plaintiff should confer with opposing counsel and attempt to reach an agreement on the scope of additional documents to be produced. If the parties are unable to reach an agreement, Plaintiff may file another motion to compel production and/or depose the accountants. Finally, the Court will also order Defendant to provide a sworn declaration that there were no payments, salaries, or distributions made to Defendant from January 1, 2018, to present by Grayhat, Txciber, and Txciberdojo.

**IT IS THEREFORE ORDERED** that Plaintiff Aries Security LLC's Motion to Compel Production of Documents [#34] is **GRANTED IN PART** as follows:

- Defendant is directed to produce profit and loss statements and balance statements for Grayhat, Inc., and Txciber, Inc., for 2018 to the date of dissolution on or before **July 12, 2023**.

- Defendant is directed to produce a sworn declaration affirming that there were no payments, salaries, or distributions made to Defendant from January 1, 2018, to present on or before **July 12, 2023**.

**IT IS FURTHER ORDERED** that in all other respects the motion is **DENIED WITHOUT PREJUDICE** to seeking further intervention from the Court as set forth herein.

SIGNED this 12th day of June, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE